UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PIERRE BURDETTE,

    Plaintiff,

v.

CAUSE NO.: 3:20-CV-22-DRL-MGG

CITY OF SOUTH BEND *et al.*,

    Defendants.

OPINION & ORDER

Pierre Burdette, a prisoner without a lawyer, filed a complaint. A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Burdette alleges that, on January 5, 2018, he drove his vehicle on an icy road in South Bend, Indiana. As he attempted to brake at an intersection, he slid into a right hand turn onto another road to avoid a rear-end collision from the police vehicle behind him. Officer Pogotis pulled him over and repeatedly asked Mr. Burdette for his license. Mr. Burdette provided his name but did not have a valid driver's license. Mr. Burdette says Officer Pogotis opened the vehicle door, pulled Mr. Burdette out of his vehicle, slammed him against another vehicle, and arrested him for driving without a license. Another officer transported Mr. Burdette to the South Bend County Jail as

Officer Pogotis and Officer Glaspie searched his vehicle. For his claims, Mr. Burdette seeks money damages.

Mr. Burdette asserts a Fourth Amendment claim against Officer Pogotis for excessive force and against Officer Glaspie for failing to intervene. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). For such claims, the operative test is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). A law enforcement officer who fails to intervene and prevent another officer from infringing the constitutional rights of a citizen is liable under § 1983 if that officer had reason to know that excessive force was being used and the officer had a realistic opportunity to prevent the harm from occurring. *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Mr. Burdette also asserts a Fourth Amendment claim against these defendants for an unlawful search and seizure of his vehicle. "The Fourth Amendment prohibits unreasonable searches and seizures." *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). "Police officers have probable cause to arrest when the totality of the facts and circumstances within their knowledge at the time of the arrest would warrant a reasonable person in believing the person has committed a crime." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015). Probable cause is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). It "does not require an actual showing of criminal activity, or even that the existence of criminal activity is more likely true than not." *United States v. Howard*, 883 F.3d 703, 707 (7th Cir. 2018) (quotations omitted).

2

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.*

Here, Mr. Burdette alleges that he attempted to brake at an intersection but was forced to take an unintended turn to avoid a rear end collision. It is not plausible that these alleged events could have taken place without any traffic violation or, at minimum, probable cause to believe that a traffic violation occurred. *See e.g.,* Ind. Code §§ 9-21-3-7 (traffic lights); 9-21-4-18 (stop signs); 9-21-8-24 (reasonably safe turns). Consequently, Mr. Burdette may not proceed on the allegations regarding the unlawful traffic stop.

Mr. Burdette also asserts that his arrest constituted an unreasonable seizure in violation of the Fourth Amendment. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Under Indiana law, motorists are required to have a valid license to operate a motor vehicle and must comply with lawful orders from law enforcement officers. Ind. Code §§ 9-21-8-1; 9-24-18-1. According to the complaint, Mr. Burdette did not produce a driver's license or address whether he had one at all despite Officer Pogotis' repeated requests for it. Considering this allegation, the complaint indicates that Officer Pogotis had probable cause to believe that Mr. Burdette was either disobeying a lawful order or driving without a valid license. Therefore, Mr. Burdette may not proceed on an unlawful arrest claim.

While Officer Pogotis and Officer Glaspie may have had valid reasons for their use of force and search of the vehicle, Mr. Burdette may proceed on the allegations regarding excessive force and an unreasonable search at this stage.

Mr. Burdette also names the City of South Bend, the South Bend Police Department, and the unidentified transporting officer as defendants. Because the South Bend Police Department has no separate legal existence from the City of South Bend, the police department is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007); South Bend Ordinance § 4-2-13, available at https://library.municode. com/in/south_bend/codes/code_of_ordinances. Though the City of South Bend is a suable entity, Mr. Burdette cannot proceed against it because he has not shown that his constitutional injury was the result of the city's official policy or practice. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Further, the unidentified transporting officer is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

For these reasons, the court:

(1) GRANTS Pierre Burdette leave to proceed on a Fourth Amendment claim against Officer Pogotis and Officer Glaspie for money damages for the alleged use of force incident on January 5, 2018;

(2) GRANTS Pierre Burdette leave to proceed on a Fourth Amendment claim against Officer Pogotis and Officer Glaspie for money damages for allegedly conducting an unlawful search of his vehicle on January 5, 2018

(3) DISMISSES the City of South Bend, Unknown Transporting Officer, and the South Bend Police Department;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Pogotis and Officer Glaspie at the South Bend Police Department with a copy of this order and the amended complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Pogotis and Officer Glaspie to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Pierre Burdette has been granted leave to proceed in this screening order.

SO ORDERED.

February 26, 2020

*s/ Damon R. Leichty*
Judge, United States District Court